IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SUN LIFE ASSURANCE COMPANY OF CANADA                                            PLAINTIFF

v.                                    Case No. 5:13-CV-05022

JUDITH ANN THORNTON, STEPHEN ROBERT
THORNTON, JR., and JUDITH ANN THORNTON, JR., in
their capacities as co-trustees of the Robert B. Thornton and
Frieda V. Thornton Irrevocable Trust Dated the 24th Day of
February, 1993; and METROPOLITAN NATIONAL BANK                                  DEFENDANTS

**O R D E R**

Currently before the Court is Sun Life Assurance Company of Canada's ("Sun Life") Motion for Attorneys' Fees and Costs (Doc. 23). Exhibits A & B to the motion were filed under seal with leave of Court.

On April 4, 2013, the Court conducted a hearing and entered an Order (Doc. 21) directing Sun Life to deposit the sum of $250,000.00 into the registry of the Court to cover any amount that a party may be entitled to as a result of the remaining claims, and also to cover an award of attorneys' fees, if any. Sun Life complied with the Order by delivering a check to the Clerk of the Court, and the funds were deposited in accordance with the Order. The Order also directed Sun Life to file a separate motion for costs and attorneys' fees, and also directed opposing parties to file any response within 7 days thereafter. No responses were filed to the pending motion.

Also pending before the Court is Metropolitan National Bank's ("Metropolitan") Motion for Voluntary Dismissal With Prejudice of Claims Against Sun Life Assurance Company of Canada (Doc. 26), which also states that Sun Life has authorized Metropolitan to state that Sun Life joins in the request. No responses were filed to Metropolitan's motion.

Sun Life filed this action as a Complaint in Interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure. The parties reached an agreement with respect to the funds held by Sun Life, and the Court entered its Order directing Sun Life to pay over the remainder of the present cash value of the life insurance policy at issue in this case to the Robert B. Thornton and Frieda V. Thornton Revocable Trust, except for the sum of $250,000.00 to satisfy any remaining claims between the parties and to cover an award of attorneys' fees to Sun Life.

"While neither Rule 22 nor the interpleader statute, 28 U.S.C. § 1335, refers to costs or attorneys' fees, [the power to award costs and attorneys's fees was] part of the historic equity powers of the court in interpleader actions, and [has] long been recognized under both the Federal Rules and the statute." *Sun Life Assurance Co. of Canada v. Sampson*, 556 F.3d 6, 8 (1st Cir. 2009). "As a general rule, attorney's fees will be awarded to the stakeholder in an interpleader proceeding where the stakeholder acts in a disinterested manner and filed its suit in good faith." *Farmer's Ins. Co., Inc. v. Mitchell*, 755 F.Supp. 255, 257 (W.D. Ark. 1989) (quotation omitted); *see also Millers Mut. Ins. Ass'n v. Wassall*, 738 F.2d 302, 304 (8th Cir. 1984) ("Under the common law, courts have long awarded attorney fees and costs to a disinterested stakeholder out of an interpleaded fund."). The Court believes that Sun Life filed this action in good faith and has acted in a disinterested manner, such that it would be proper to award attorneys' fees in this case.

Sun Life seeks an award of costs and attorneys' fees in the amount of $8,124.44 for services rendered from immediately before the filing of this action to the filing of its Motion to Interplead Funds on March 7, 2013. Sun Life also seeks an award of costs and attorneys' fees in the amount of $5,292.46 for services leading up to and on the date of the Court's hearing and thereafter. The Court has examined Exhibits A & B—statements of Sun Life's counsel for services rendered in

connection with this action—which have been filed under seal. The Court finds that the costs and attorneys' fees requested, totaling $13,416.90, are fair and reasonable in light of the nature of the interpleader action, counsel's litigation efforts, and the large amount of funds at stake held by Sun Life.

IT IS THEREFORE ORDERED that Sun Life's Motion for Attorneys' Fees and Costs (Doc. 23) is GRANTED.

IT IS FURTHER ORDERED that Sun Life be paid the sum of $13,416.90 from the funds currently held in the registry of the Court.

IT IS FURTHER ORDERED that Metropolitan's Motion for Voluntary Dismissal of Sun Life (Doc. 26) is GRANTED, and Metropolitan's counterclaim against Sun Life is DISMISSED WITH PREJUDICE. As a result, Sun Life is dismissed as a party to this case.[1] Metropolitan's cross-claims against the Thornton Defendants, in their capacities as co-trustees of the Robert B. Thornton Irrevocable Trust Dated the 24th Day of February, 1993, will remain pending. There remains in the registry of the Court the sum of $236,583.10 to cover any amount Metropolitan may be entitled to as a result of its remaining claims.

IT IS SO ORDERED this 10th day of July, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE

---

[1] The Court notes that the docket in this case lists Metropolitan has having a cross-claim against Sun Life and the Thorntons as well as a counter-claim against Sun Life and the Thorntons. The docket should be corrected to accurately reflect that Metropolitan had a counter-claim against Sun Life only (which is dismissed herein) and a cross-claim against the Thorntons only. The effect of this Order is that only Metropolitan's cross-claims against the Thorntons remain pending.