IN THE UNITED STATES
DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA | | PLAINTIFF |
| v. | Case No. 5:13-cv-5022 | |
| JUDITH ANN THORNTON,<br>STEPHEN ROBERT THORNTON, JR. and<br>JUDITH ANN THORNTON, JR. IN THEIR CAPACITIES<br>AS CO-TRUSTEES OF THE ROBERT B. THORNTON<br>AND FRIEDA V. THORNTON IRREVOCABLE<br>TRUST DATED THE 24th DAY OF FEBRUARY, 1993;<br>and METROPOLITAN NATIONAL BANK | | DEFENDANTS |

## AGREED PROTECTIVE ORDER

Separate Defendant, Stephen Robert Thornton, Jr. in his capacity as Co-Trustee of the Robert B. Thornton and Frieda V. Thornton Irrevocable Trust Dated the 24th Day of February, 1993, Separate Defendants Judith Ann Thornton, and Judith Ann Thornton, Jr. in their capacities as Co-Trustee of the Robert B. Thornton and Frieda V. Thornton Irrevocable Trust Dated the 24th Day of February, 1993 (collectively "Trustees"), and Separate Defendant Metropolitan National Bank ("MNB") (collectively "Parties"), have agreed and the Court is of the opinion that the relief hereinafter provided is appropriate to ensure that documents and information exchanged between and among the parties are not inappropriately disseminated to the public, that extrajudicial statements are not made by the parties or their attorneys, that would be prejudicial to the litigation of this case. For these reasons, and to facilitate the litigation presently pending in this Court, it is hereby ORDERED as follows:

1.  This Protective Order (hereinafter "Order") shall be applicable to and shall govern the production and exchange of all documents, answers to interrogatories, depositions, responses

1

to requests for admissions, exhibits, and all other discovery given or made by Trustees, MNB, and/or Third Parties in this action as well as pleadings, testimony adduced at depositions, hearings, or trial, matters in evidence and all other information exchanged or furnished in this action by the Trustees, MNB and Third Parties, from this date forward, and which materials are marked and designated as "Confidential – Subject to Protective Order." It shall not be required that each page of each document be marked as "Confidential – Subject to Protective Order", but rather the first page of any document may be marked and said designation shall be deemed to apply to the entire document.

2. All information, documents, and things which are subject to discovery in whatever form produced, disclosed, or contained (hereinafter "Information"), designated as containing or disclosing confidential information, and so identified as "Confidential – Subject to Protective Order" by the producing party, shall be *deemed to be designated* as "Confidential Information" and may be used only for the purpose of this action and not for any business, commercial, scientific, competitive or any other purpose whatsoever.

3. Except with the prior written consent of the producing party or upon prior Order of this Court, Confidential Information shall not be disclosed except in accordance with the terms, conditions and restrictions of this Order.

4. Subject to the provisions of paragraph 5 hereof, Confidential Information and any summary, description, analysis, or report containing such Confidential Information, may be disclosed only to the following persons:

    (a) the Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial, or deposition in any action presently

2

pending between any Party hereto, any Judgment Creditor and any one or more of the Trustees or any appeal therefrom;

(b) disclosed experts of the receiving party who are not and have not been an employee of a party or of an affiliated company of a party and who have been retained by counsel to testify at trial, with disclosure only to the extent necessary to perform such work and only after agreeing in writing to be bound by the terms of this Order;

(c) officers or employees of the receiving party with whom counsel of record for a receiving party believes he or she needs to consult solely for purposes of prosecuting, defending, and/or appealing this action with disclosure only to the extent necessary to perform such consultation and only after they agree in writing to be bound by the terms of this Order;

(d) the Judgment Creditor's and Trustees' counsel of record as specifically set forth below, and their paralegal assistants, law clerks; stenographer and clerical employees who are assisting in the prosecution, defense and/or appeal of said action:

*For Metropolitan National Bank:*
Andrew King
Alec Gaines
*Williams & Anderson PLC*
111 Center Street, Suite 2200
Little Rock, AR 72201

*For Stephen R. Thornton*:
Travis W. Story
Ryan Renauro
*Story Law Firm, PLLC*
P.O. Box 9210
Fayetteville, AR 72703

*For Judith Ann Thornton and Judith Ann Thornton, Jr.*:
Nick Arnold
Andrew R. Miller
*Keith, Miller, Butler,*

3

*Schneider & Pawlik, PLLC*
224 South Second St.
Rogers, AR 72756

(e) to persons who generated or received the documents;

(f) to witnesses at depositions, other than persons described above, who agree in writing or on the deposition record to be bound by the terms of this Order; and

(g) a disclosed witness, but only to the extent necessary to prepare the witness for testimony at a hearing, deposition, or trial.

5. It is the intention of this Protective Order that the following categories of information shall not be designated as Confidential Information, and that this Order should not be construed as governing or affecting a party's use or the Producer's disclosure of: (a) any Information that at the time of its disclosure is part of the public domain by reason of publication or otherwise; or (b) any Information that at the time of its disclosure is already rightfully in the possession of the receiving party, its counsel of record or any expert retained by or for the receiving party under no obligations of confidence to any third party with respect to that Information. During the pendency of this action any disputes as to whether Information is confidential under the terms of this Order shall be resolved according to the procedure set forth in paragraph 6 hereof. Further, notwithstanding anything to the contrary herein, all financial Information, investment account(s) Information, and estate planning documents shall be deemed Confidential Information

6. In the event that any receiving party disagrees at any stage of any action presently pending between any Judgment Creditor and any one or more of the Trustees with the designation of Confidential Information, it shall provide to the Producer written notice of its disagreement with the designation. The receiving party challenging the designation shall first try

4

to dispose of such dispute in good faith on an informal basis with the Producer. If the dispute cannot be resolved, the Producer defending the designation may request appropriate relief from the Court no sooner than five (5) days following the service of the written notice of disagreement. The burden of proving that Information has been improperly designated Confidential is on the Producer defending such designation. Until a determination by the Court, the Information in issue shall be treated as Confidential Information and subject to the terms of this Order.

7. If Confidential Information is disclosed to any person not entitled to receive disclosure of such Information under this Order, the receiving party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the Producer and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to retrieve such material and to prevent further disclosure by it or by the person who received such Information.

8. Testimony or Information disclosed at a deposition of a witness may be designated as Confidential Information by indicating on the record at the deposition the specific testimony which contains Confidential Information which is to be made subject to the provisions of this Order. Alternatively, the Producer may designate testimony or information disclosed at a deposition, including exhibits, as Confidential Information by notifying all parties in writing, within seven (7) days after the Producer's receipt of the transcript, of the specific pages and lines of the transcript so designated. Whether or not designation is made at the time of deposition, each transcript of any deposition shall be treated as being designated Confidential Information in its entirety, from the taking of the deposition until seven (7) days after actual receipt of the transcript by the Producer, or until receipt of the notice referred to in this paragraph, whichever

occurs sooner. At the expiration of the said seven (7) day period, unless notice hereunder to the contrary is given at the time of the deposition or prior to the expiration of said period, the entire transcript shall be deemed non-confidential.

    9.    The Clerk of the Court is requested to maintain under seal all documents, tangible objects, transcripts, and other materials filed with this Court in this action which are, in whole or in part, *specifically labeled* as Confidential Information, including all pleadings, depositions, trial or hearing transcripts, exhibits, discovery responses or memoranda purporting to contain or paraphrase such information. The party filing such material shall file with the Clerk of the Court in a sealed envelope, electronically through ECF, or other appropriate sealed container prominently marked with the CONFIDENTIAL legend, the caption of the action and the notation:

> "SUBJECT TO A PROTECTIVE ORDER ENTERED IN CASE NO.: 5:13-cv-5022. This envelope is not to be opened, nor are the contents thereof to be displayed or revealed except: (1) to the Court and then resealed, (2) by agreement of the parties, or (3) by prior Order of this Court."

A second copy of any pleading or paper specifically intended for review by the Court may be hand-delivered to the Court's chambers appropriately marked, in order to assure that the same is brought promptly to the Court's attention. To the extent made possible by the Court's ECF system, documents to be filed under seal may be submitted electronically with the appropriate confidentiality restrictions.

    10.    Within sixty (60) days after the full satisfaction of the Judgment in any action presently pending between any party hereto, Judgment Creditor, and any one or more of the Trustees, unless otherwise agreed to in writing by counsel for the producing party, a party receiving Confidential Information shall assemble and return to the producing party all such information, and the producing party shall acknowledge receipt of such material in writing.

11. The inadvertent production by any party of documents subject to the attorney client privilege, attorney work product protection or other established legal protection ("Privileged Documents") shall not constitute a waiver of such privilege and protection notwithstanding any law to the contrary. Upon request, the party receiving Privileged Documents shall return to the party producing Privileged Documents, within two (2) business days, all copies of such documents and all other documents that incorporated information from the inadvertently produced documents.

12. Nothing herein shall impose any restriction on the use or disclosure by a party of its own documents or information, including the deposition testimony of its employees or experts.

13. Nothing herein shall prohibit any party from offering any previously designated confidential information at the trial of this matter. Each party reserves the right to file any appropriate pretrial motion requesting protection of any confidential information at trial.

14. This Order shall remain in full force and effect until modified, superseded, or terminated on the record by an order of the Court.

IT IS SO ORDERED this 18th day of July, 2013.

P.K. Holmes

Honorable P.K. Holmes III
U.S. District Judge

Stipulated and agreed:

_____
Travis W. Story
Ryan Renauro
STORY LAW FIRM PLLC
Attorney for Defendant Stephen R. Thornton, Jr.
In His Capacity as Co-Trustee of the
Robert B. Thornton And Frieda v. Thornton
Irrevocable Trust Dated the 24th Day of
February, 1993

_____
Nick Arnold
Andrew R. Miller
KEITH, MILLER, BUTLER,
SCHNEIDER & PAWLIK, PLLC
Attorney for Defendants Judith Ann Thornton
And Judith Ann Thornton, Jr.
In Their Capacities as Co-Trustees of the
Robert B. Thornton And Frieda v. Thornton
Irrevocable Trust Dated the 24th Day of
February, 1993

_____
Andrew King
Alec Gaines
WILLIAMS & ANDERSON PLC
Attorney for Defendant and Cross-Claimant
Metropolitan National Bank

8

Stipulated and agreed:

_____
Travis W. Story
Ryan Renauro
STORY LAW FIRM PLLC
Attorney for Defendant Stephen R. Thornton, Jr.
In His Capacity as Co-Trustee of the
Robert B. Thornton And Frieda v. Thornton
Irrevocable Trust Dated the 24th Day of
February, 1993


_____
Nick Arnold
Andrew R. Miller
KEITH, MILLER, BUTLER,
SCHNEIDER & PAWLIK, PLLC
Attorney for Defendants Judith Ann Thornton
And Judith Ann Thornton, Jr.
In Their Capacities as Co-Trustees of the
Robert B. Thornton And Frieda v. Thornton
Irrevocable Trust Dated the 24th Day of
February, 1993


*/s/ Andrew King*
_____
Andrew King
Alec Gaines
WILLIAMS & ANDERSON PLC
Attorney for Defendant and Cross-Claimant
Metropolitan National Bank

8